CITY OF BROOKFIELD, Plaintiff-Respondent,

v.

Gregory BERGHAUER, Defendant-Appellant.

Court of Appeals

*No. 92-0192-FT. Submitted on briefs August 5, 1992.—Decided August 19, 1992.*

(Also reported in 489 N.W.2d 695.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *John L. Becker* of *Becker & Phillips* of Brookfield.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *E. Joseph Kershek* of *Kershek Law Offices* of Milwaukee.

Before Nettesheim, P.J., Brown and Snyder, JJ.

NETTESHEIM, P.J. The appellate issue is whether the city of Brookfield legally prosecuted Gregory Berghauer for speeding where the offense occurred on the foreign side of a boundary highway between Brookfield and the city of Wauwatosa. We hold that sec. 175.40(4), Stats., permits such prosecution. We affirm the judgment.

The facts are undisputed. During the early morning hours of March 3, 1990, Brookfield Police Officer John Horter clocked Berghauer's vehicle traveling in excess of

the posted thirty-five mile per hour speed limit while both were northbound on 124th Street in Wauwatosa. At this location, North 124th Street is the boundary highway between Brookfield on the west and Wauwatosa on the east. Thus, the alleged offense occurred in Wauwatosa, outside Officer Horter's jurisdiction. Officer Horter stopped Berghauer in Wauwatosa and issued him a citation charging a speeding offense under the applicable *Brookfield* speeding ordinance. The posted speed limit for both sides of the roadway at this location is thirty-five miles per hour.

The case originated in the Brookfield Municipal Court where Berghauer argued that Brookfield had no authority to prosecute him under its ordinances for an offense occurring in Wauwatosa. The municipal court rejected this argument, concluding that sec. 175.40(4), Stats., permitted the prosecution.[1] Berghauer was convicted in the municipal court. Berghauer obtained *de novo* review in the circuit court pursuant to sec. 800.14, Stats. The circuit court also rejected Berghauer's argument.[2]

Section 175.40(4), Stats., states:

> A peace officer whose boundary is a highway may enforce any law or ordinance that he or she is otherwise authorized to enforce by arrest or issuance of a citation on the entire width of such a highway and on the entire intersection of such a highway and a highway located in an adjacent jurisdiction. This subsec-

[1]This ruling was made by Municipal Judge Richard J. Steinberg.

[2]In the circuit court, Berghauer's appeal was originally assigned to the Honorable Willis J. Zick who ruled against Berghauer. The matter was then assigned to the Honorable Mark S. Gempeler who confirmed Judge Zick's ruling and, after a bench trial, adjudged Berghauer guilty.

tion does not extend an officer's jurisdiction outside the boundaries of this state.

■

The issue requires us to both construe the statute and apply it to the facts of this case. Both of these exercises present questions of law. *Farm Credit Bank of St. Paul v. F&A Dairy,* 165 Wis. 2d 360, 365, 367, 477 N.W.2d 357, 359, 360 (Ct. App. 1991). We review such questions *de novo* without deference to the ruling of the trial court. *Id.*

■

Berghauer argues that sec. 175.40(4), Stats., only permits a foreign arrest for an offense committed in the officer's jurisdiction, not the enforcement of an ordinance for an offense committed entirely in a foreign jurisdiction. We disagree that the statute is so limited.

Section 175.40(4), Stats., clearly and unambiguously permits a police officer to enforce an ordinance of his or her jurisdiction *on the entire width of a boundary highway.* This is exactly what occurred here. Officer Horter enforced the Brookfield speeding ordinance on the Wauwatosa side of North 124th Street, the boundary highway. The statute applies and the statute was followed.

Berghauer contends, however, that our interpretation of the statute offends sec. 66.32, Stats., which states:

> **Extraterritorial powers.** The extraterritorial powers granted to cities and villages by statute, including ss. 30.745 [ordinances and regulations in aid of navigation], 62.23(2) [master plans] and (7a) [zoning], 66.052 [regulation of offensive industries], 146.10 [regulation of smoke emission] and 236.10 [platting], shall not be exercised within the corporate limits of another city or village.

606

This statute is directed against attempts by cities and villages to legislate and regulate across their borders into other cities and villages. Here, on its face, the Brookfield traffic ordinance does not presume to regulate conduct in Wauwatosa or any other jurisdiction. Nor does Berghauer claim or show that the Brookfield common council, in enacting the city's traffic ordinance, presumed to regulate conduct in Wauwatosa or in any other jurisdiction.

Berghauer overlooks that it is the enactment of sec. 175.40(4), Stats., *by the state legislature—not the Brookfield common council*—which gives the Brookfield traffic ordinance limited extraterritorial application. The limits on extraterritorial powers set out in sec. 66.32, Stats., operate against municipalities, not against other statutes which allow extraterritorial effect.[3]

*By the Court.*—Judgment affirmed.

---

[3]Although the posted speed limits on both sides of North 124th Street in the area where this offense occurred are the same, Berghauer contends that our ruling would permit Brookfield to enforce its lower speed limit in those other areas of North 124th Street where Wauwatosa permits a higher speed limit. Such a hypothetical situation is not before us and we are not required to address it. However, the resolution of such a case would, perhaps, turn upon whether the Wauwatosa ordinance operated to qualify or suspend the extraterritorial provisions of sec. 175.40(4), Stats. *See generally* 1A N. SINGER, SUTHERLAND ON STATUTES AND STATUTORY CONSTRUCTION, sec. 23.18 (rev. 4th ed. 1985).